IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MASON WILLIAMS,<br>    Plaintiff,<br><br>v.<br><br>SANGAMON COUNTY JAIL,<br>    Defendant. | Case No. 3:25-cv-03164-JEH |

### Merit Review Order

Plaintiff, proceeding *pro se* and detained at the Sangamon County Jail, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

On May 21, 2025, correctional officer Aaron Conard allegedly gave Plaintiff a breakfast food tray containing peanut butter, which Plaintiff is allergic to. Correctional officer Scogins was the floor officer. Plaintiff alleges they had to send nurses to give him medication to prevent him from having an allergic reaction.

1

Plaintiff alleges he is "on special trays." (Doc. 1 at p. 5). Plaintiff does not allege that the officers knew he was on special trays or that he told the officers he was allergic to peanut butter. Plaintiff also alleges his FOIA papers were thrown away.

Plaintiff names the Sangamon County Jail as the sole Defendant, but the Jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter Cnty.*, No. 12-493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) ("the jail…is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations).

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Plaintiff is given leave to file an Amended Complaint within thirty days of this Order. Plaintiff's Amended Complaint will replace his original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim.

Finally, Plaintiff filed a Motion for Pretrial Release stating that he has been in jail for six months and has not seen an attorney. (Doc. 3). This Court does not have jurisdiction over Plaintiff's underlying criminal case and cannot order his release. Plaintiff may reassert his request by filing a motion in his criminal case. Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

**1)  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file**

an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim.

    2)    Plaintiff's Motion for Pretrial Release [3] is DENIED.

    3)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address. Plaintiff's failure to notify the Court of a change in mailing address will result in dismissal of this case with prejudice.

*It is so ordered.*

Entered: July 23, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge