IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MASON WILLIAMS,<br>　　　Plaintiff,<br><br>v.<br><br>AARON CONARD, *et al.*,<br>　　　Defendants. | Case No. 3:25-cv-03164-JEH |

**Merit Review Order**

　　Plaintiff, proceeding *pro se* and detained at the Sangamon County Jail ("Jail"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 9). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

　　Plaintiff files suit against Defendant Lieutenant Aaron Conard, Correctional Officer Scogins, and Sergeant Painter. Plaintiff does not name the Jail as a

1

Defendant in his Amended Complaint. The Jail is dismissed with prejudice, as the Jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983.").

On May 21, 2025, Defendant Conard allegedly gave Plaintiff a food tray containing peanut butter, which Plaintiff is allergic to. Plaintiff alleges he experienced a severe allergic reaction, his throat closed, and he was unable to breathe. Plaintiff alleges Defendant Scogins did not get the nurse for an hour. Plaintiff alleges Defendants Conard and Scogins knew about his food allergy because his meal trays have a sticker on them, and Plaintiff has been to the hospital multiple times.

Plaintiff also alleges Defendant Painter called him a "snitch" in front of other inmates and staff. Plaintiff claims he is being housed in segregation because Defendant Painter spread a rumor about him.

## II

Plaintiff states he is a pretrial detainee. As a result, his claims arise under the Fourteenth Amendment. To state a deliberate indifference claim, the Court must be able to reasonably infer that Defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted).

Plaintiff states a Fourteenth Amendment deliberate indifference claim based on his allegations that Defendant Conard gave him a food tray containing food he

was allergic to on May 21, 2025, despite Defendant Conard's knowledge of Plaintiff's food allergy and the special sticker on the tray.

Plaintiff's allegations are also sufficient to proceed on a Fourteenth Amendment deliberate indifference claim against Defendant Scogins, who allegedly failed to summon medical attention for Plaintiff for over an hour to treat Plaintiff's severe allergic reaction on May 21, 2025.

Plaintiff's conclusory allegations regarding Defendant Painter are insufficient to state a claim and appear to be unrelated to his claims against Defendants Conard and Scogins. Therefore, Defendant Painter is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment deliberate indifference claim against Defendants Conard and Scogins. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to add Lieutenant Aaron Conard and Correctional Officer Scogins as Defendants.

3) Defendant Painer is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

4) Defendant Sangamon County Jail is DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE the Sangamon County Jail.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive

electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: October 8, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge